UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRADLEY LAVEAR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:13CV2524 HEA |
| DENNIS J. BARTON, III, | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. [Doc. No. 44]. Plaintiff has filed a response in opposition to the motion. [Doc. No. 49]. Defendant has filed a Reply. [Doc. No. 53]. For the reasons set forth below, the Motion is denied without prejudice.

**Facts and Background[1]**

Plaintiff Bradley Lavear brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), alleging that Defendant Dennis J. Barton, III, engaged in practices proscribed by the FDCPA in his efforts to collect a debt allegedly due to St. Anthony's Medical Center. Additionally, Plaintiff brings state law claims for abuse of process and conversion.

---

[1] The recitation of facts is taken from Plaintiff's Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

Plaintiff claims that, sometime prior to October 4, 2012, St. Anthony's assigned Plaintiff's debt to former defendants Roger Weiss and Consumer Adjustment Company, Inc. ("CAC"), who in turn utilized Defendant Barton, an attorney, to collect on the debt. Defendant Barton first attempted to do so by sending a collection letter to Plaintiff and calling Plaintiff. In both the letter and the call, Defendant Barton indicated that he represented St. Anthony's.

At the time the collection letter was sent, Defendant Barton had made no professional determination regarding the character or validity of the debt. Instead, his employees, who are non-attorney bill collectors, signed his name (with his authorization) to make it appear that he was personally involved, and used his letterhead.

On October 4, 2014, Defendant Barton, again identifying himself as an attorney for St. Anthony's, filed a lawsuit against Plaintiff in the Circuit Court for Jefferson County under the caption, "St. Anthony's Medical Center v. Bradley Lavear." Contrary to Defendant Barton's representations in the collection letter, phone call, and state court lawsuit, St. Anthony's has never employed, or had a contractual relationship with Defendant Barton in any capacity. General counsel for St. Anthony's has so attested in an affidavit, and has so represented in a letter to Plaintiff Lavear's counsel. Further, Plaintiff alleges that St. Anthony's had no interest in the debt because it had assigned all of its rights to the debt to former defendants Weiss and CAC. For all of these reasons, Plaintiff alleges Defendant Barton's collection letter, phone call, and state court law suit were deceptive and misleading.

Plaintiff and Defendant Barton signed a consent judgment on January 8, 2013 in the amount of $2,447.10, with Defendant Barton again representing to Plaintiff that he was counsel for St. Anthony's. Plaintiff would not have signed the consent judgment had he known that a debt collector like CAC was behind the lawsuit.

Under the terms of the consent judgment, Plaintiff was to make $100 monthly payments. Plaintiff failed to maintain the payment schedule, and Defendant Barton began garnishing his wages. The garnishment paperwork Defendant Barton filed with the state court identified the party obtaining the garnishment as St. Anthony's and indicated that Defendant Barton represented St. Anthony's. In fact, Defendant Barton and former defendant CAC were garnishing and keeping Plaintiff's wages. As of the date of Plaintiff's Amended Complaint, far more had been garnished from Plaintiff's wages—$3,021.11—than the amount of the judgment ($2,447.10) combined with accrued interest.

In February 2013, former defendant Weiss began negotiations to transfer many of former defendant CAC's acquired collection debts to a company called Senex Services. At an unspecified date thereafter, Plaintiff's alleged debt to St. Anthony's was transferred to Senex. Thus, Plaintiff alleges that as of February 2013, Defendant Barton knew or should have known that Senex would be collecting on Plaintiff's debt and that Defendant Barton's efforts to collect on the debt would be duplicative. Regardless, Defendant Barton proceeded to garnish Plaintiff's wages in the name of St. Anthony's for approximately one year.

It was not until December 2013 that Plaintiff learned, or could have learned, for the first time that Defendant Barton did not actually represent St. Anthony with respect to the debt at issue.

**Discussion**

Defendant makes several arguments for dismissal. Two of his most prominent arguments are that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to the

*Rooker-Feldman* doctrine,[2] and his FDCPA claims should be dismissed as untimely under the FDCPA's one-year statute of limitations.[3]

There are eleven actions-including the case currently before the Court—which have been filed against Defendant Barton in this district. All allege nearly identical facts.[4] All but three of the cases were filed by the same counsel that represents Plaintiff Lavear in this case. In most of these cases, Defendant Barton has moved for dismissal, often arguing lack of jurisdiction based on the *Rooker-Feldman* doctrine, and always arguing untimeliness based on the statute of limitations.

With regard to the FDCPA's one-year statute of limitations, the issues are whether it may be equitably tolled and, if so, whether tolling should apply here. In *Mattson v. United States West Communications, Inc.*, the Eighth Circuit held that the FDCPA's statute of limitations is jurisdictional. 967 F.2d 259, 261 (8th Cir. 1992). Accordingly, many judges in this district, and other districts in the Eighth Circuit, have held that the statute cannot be tolled. *See, e.g,*. *Hageman v. Barton*, 2014 U.S. Dist. LEXIS 148282, at *7–9 (E.D. Mo. Oct. 17, 2014); *Mueller v. Barton*, 2014 U.S. Dist. LEXIS 127866, at *11–13 (E.D. Mo. Sept. 12, 2014); *Harris v. Barton*, 2014 U.S. Dist. LEXIS 101621, at *3 (E.D. Mo. July 25, 2014) (collecting cases);

---

[2] The *Rooker-Feldman* doctrine gets its name from a pair of Supreme Court decisions—*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The decisions in *Rooker* and *Feldman* establish that with the exception of habeas corpus proceedings, the inferior federal courts lack subject-matter jurisdiction over appeals from state-court judgments. Jurisdiction over such appeals is granted exclusively to the Supreme Court by 28 U.S.C. § 1257. *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1017 (8th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)).

[3] *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.") (emphasis added).

[4] *Maher v. Barton*; 4:13CV2260 CEJ (E.D. Mo.); *Hejlek v. Barton*, 4:13CV2503 JAR (E.D. Mo.); *Harris v. Barton*, 4:13CV2516 AGF (E.D. Mo.); *Hageman v. Barton*, 4:13CV2522 CEJ (E.D. Mo.); *Mueller v. Barton*, 4:13CV2523 CAS (E.D. Mo.); *Matt v. Barton*, 4:13CV2529 JAR (E.D. Mo.); *Moss v. Barton*, 4:13CV2535 RLW (E.D. Mo.); *McCarty v. Barton*, No. 4:13CV2562 JCH (E.D. Mo.); *Garner v. Barton*, 4:14CV200 CEJ (E.D. Mo.); *Goertz v. Barton*, 4:14CV945 JAR (E.D. Mo.).

*McCarty v. Barton*, 2014 U.S. Dist. LEXIS 89285, at *2 (E.D. Mo. July 1, 2014); *cf. Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("The doctrine of equitable tolling *may apply here*, because the limitations period in § 2244(d)(1) is *not a jurisdictional bar*.") (emphasis added) (citation omitted).

Plaintiff questions the applicability of *Mattson* to the facts alleged, as well as the soundness of its holding. Plaintiff suggests that this Court should "refuse to apply *Mattson* in light of the persuasive arguments recognized by the other Circuits on this issue." [Doc. No. 49 at 15]. In *Harris v. Barton*, the court followed *Mattson's* holding that the FDCPA's statute of limitations is jurisdictional, and accordingly held that the plaintiff's claims were barred by the statute of limitations. However, the court in *Harris* discussed the problematic application of *Mattson* to the facts, opining that, if confronted directly with the issue, the Eighth Circuit would find that the FDCPA's statute of limitations is subject to equitable tolling:

> Upon reflection, the Court questions whether this reading of Mattson is correct, and whether the use of the word "jurisdictional" in that decision was perhaps colloquial. The question of tolling was not before the Court, just the question of when the one year began to run. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 & n.14 (9th Cir. 2009) (holding that the one year limitations period was subject to equitable tolling, and remarking that the "jurisdictional" statement in *Mattson* "was made without any real analysis, and we are unsure but what 'jurisdiction' was used in a somewhat colloquial sense"). The large majority of courts that have considered and analyzed the question have concluded that the one year period is subject to tolling. *See, e.g., Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000); *Clark v. Bonded Adjustment Co.*, 176 F. Supp. 2d 1062, 1068 (E.D. Wash. 2001) (stating "the presumption that statutory time limits are not jurisdictional has not been rebutted by anything in the language or legislative history of the FDCPA"). This Court believes that, given the opportunity to consider the matter directly, the Eighth Circuit would agree with these courts.

*Harris*, 2014 U.S. Dist. LEXIS 101621, at *9–10 n.2. Further, in *Mueller v. Barton*, the court "decline[d] plaintiff's invitation to ignore [*Mattson*]"—which the court noted is "binding

precedent"—but acknowledged that *Mattson* has been "called into doubt" by an Eighth Circuit panel. *Mueller*, 2014 U.S. Dist. LEXIS 127866, at *13–14 n.4 (citing *Mader v. United States*, 619 F.3d 996, 1002-03 (8th Cir. 2010) (noting "that in the eighteen years since *Mattson* was decided, the case has been rejected by every appellate court that has considered adopting its holding on calculating statutes of limitations[,]" questioning its "continuing vitality," and "declin[ing] to apply its reasoning to the statute of limitations in [the Federal Tort Claims Act].") *rev'd on other grounds*, 654 F.3d 794 (8th Cir. 2010) (en banc)).

One of the cases against Defendant Barton, *Hageman v. Barton*, is now on appeal before the Eighth Circuit.[5] In *Hageman*, the district court dismissed the plaintiff's FDCPA claims against Defendant Barton, finding the plaintiff's claims were barred by the statute of limitations, which "is considered jurisdictional and cannot be equitably tolled." *Hageman*, 2014 U.S. Dist. LEXIS 148282, at *7–9 (citing *Mattson*, 967 F.2d at 262).[6] With regard to the *Rooker-Feldman* doctrine, the court found that, while many of the plaintiff's "allegations attack[ed] defendant's practices in collecting debts rather than the underlying state-court judgments[,] and [were] [therefore] not barred by the *Rooker-Feldman* doctrine," the doctrine *did* "prevent[] [the plaintiff] from challenging the legitimacy of the state court judgment" such that he "[could not] succeed on his claims that defendant wrongfully attempted to collect the full amount of the

---

[5] *Hageman v. Barton*, No. 14-3665 (8th Cir.)

[6] The court in *Hageman* further found that "[e]ven if § 1692k were subject to equitable tolling, plaintiff is not entitled to such tolling in this case because he has not demonstrated that he was diligent in pursuing his rights." *Hageman*, 2014 U.S. Dist. LEXIS 148282, at *8–9 (citing *Harris*, 2014 U.S. Dist. LEXIS 101621, at *10 n.2); *cf. Mueller*, 2014 U.S. Dist. LEXIS 127866, at *14 n.5 (declining to reach the issue of equitable tolling, given *Mattson's* holding that the statute is jurisdictional, but noting that "allegations a defendant acted fraudulently, or misrepresented something that led a plaintiff to sleep on his rights, have been held to warrant equitable tolling in FDCPA cases.") (citing *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 799–800 (S.D. Ohio 2006)).

default judgment or misrepresented the real parties in interest in doing so." *Id.* at *5, 9.[7] On appeal, the plaintiff in *Hageman* has specifically raised the issues of whether the FDCPA's statute of limitations may be tolled, and whether the *Rooker-Feldman* doctrine bars his claims.

Several judges in this district, through undertaking careful and thoughtful analyses of these issues, have arrived at differing conclusions. The *Hageman* appeal appears to be proceeding expeditiously and will likely resolve several central issues to the present case. Accordingly, in the interest of judicial economy and consistency, the Court will deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint, without prejudice, pending the resolution of the *Hageman* appeal.[8]

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied without prejudice pending the appeal in *Hageman v. Barton*, No. 14-3665 (8th Cir.).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss [Doc. No. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's Order entered on August 25, 2014 staying discovery will remain in full force and effect.

Dated this 17th day of February, 2015.

---

[7] *Cf. Mueller*, 2014 U.S. Dist. LEXIS 127866, at *8 ("The Rooker-Feldman doctrine does not bar plaintiff's claims premised on Barton's alleged improper activities in filing the state court suit *and in collecting under the consent judgment*.") (emphasis added).

[8] The Court notes that by Order entered on August 25, 2014, Defendant's Motion to Stay Discovery was granted. [Doc. No. 58]. The stay will remain in full force and effect.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE